IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORIE A. GOODSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-01719 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of ) | |
| Social Security ) | |
| ) | |
| Defendant. ) | |

AMBROSE, U.S. Senior District Judge

# **OPINION AND ORDER**

I. Synopsis

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"). 42 U.S.C. §§ 401-433. Plaintiff protectively filed her application on February 13, 2013 alleging she was disabled beginning September 30, 2012. ECF No. 6-2, 13. After Plaintiff's application was denied initially, she filed a written, timely request to have her application reviewed by an Administrative Law Judge ("ALJ"). *Id.* On June 20, 2013, Plaintiff testified at a hearing before an ALJ in Morgantown, West Virginia. *Id.* A vocational expert also was present at the hearing and testified. *Id.* On July 3, 2013, the ALJ found that Plaintiff is not disabled under the Act. *Id.* at 22. After exhausting all administrative remedies, Plaintiff filed this action.

1

Pending before the Court are cross-motions for summary judgment. ECF Nos. [9] (Plaintiff) and [12] (Defendant). Both parties filed briefs in support of their motions. ECF Nos. [11] (Plaintiff) and [13] (Defendant). Plaintiff also filed a Statement of Facts, ECF No. [10] and a Reply. ECF No. [14]. The issues are now ripe for review. After careful consideration of the submissions of the parties, and based on my Opinion as set forth below, I deny Plaintiff's motion and grant Defendant's motion for summary judgment.

## II. Legal Analysis

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. A claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

### B. The ALJ's Residual Functional Capacity ("RFC") Assessment

In this case, the ALJ concluded that Plaintiff has the RFC to perform work activity with a medium level of physical exertion and limited to simple, routine and repetitive tasks, with no production rate type of pace, and no more than occasional interaction with others. ECF No. 6-2,

18. This RFC incorporates the findings and limitations suggested by the State Agency consultative examiner. *Id.* at 20. Plaintiff objects to the ALJ's evaluation of her mental impairments. ECF No. 11, 1-2. Plaintiff contends that the ALJ erred by failing to seek additional medical evidence—specifically, an opinion from an examining consultant—to assist him in determining whether Plaintiff's mental impairment can be expected to last for a continuous period of twelve months. *See* 20 C.F.R. § 404.1505(a). Plaintiff asserts that the ALJ's determination is not supported by substantial evidence because the ALJ impermissibly relied on his lay opinion of the medical evidence. ECF No. 11, 1-2.

RFC refers to the most a claimant can still do despite her limitations. 20 C.F.R. § 404.1545(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of her own limitations. 20 C.F.R. § 404.1545(a)(3). A person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. § 404.1527(e)(1); *see also* S.S.R. 96-5p (instructing that RFC is an administrative finding not a medical issue); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).

Plaintiff relies on, *inter alia*, *Gunder v. Astrue*, Civ. No. 11-cv-00300, 2012 WL 511936, at *15 (M.D. Pa. Jan. 4, 2012) and the *Gunder* court's discussion of *Doak v. Heckler*, 790 F.2d 26, 29 (3d Cir. 1986), to assert that an ALJ must use some medical opinion evidence in formulating a claimant's RFC. ECF No. 11, 8-9. I disagree with Plaintiff's interpretation of *Doak*. Rather, I concur with Judge Bloch's discussion of *Doak* as stated in *Doty v. Colvin*, wherein he explained that "[in *Doak*, t]he Third Circuit did nothing more than make a substantial evidence finding in light of a limited record and did not purport to create a rule that an RFC determination must be based on a specific medical opinion, and subsequent Third Circuit case

4

law confirms this understanding." Civ. No. 13-80-J, 2014 WL 29036, at *1 n.1 (W.D. Pa. Jan. 2, 2014). *Contra Dumond v. Comm'r v. Soc. Sec.*, 875 F. Supp. 2d 500, 509 (following the reasoning in *Gunder*). Moreover, in *Chandler v. Comm'r of Soc. Sec.*, the Third Circuit rejected an argument similar to the one Plaintiff makes here—that the ALJ improperly based his RFC determination on his own lay opinion regarding the medical evidence. *Chandler*, 667 F.3d at 361-62. The Third Circuit found no error because an "ALJ is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision. . . . the regulations do not require ALJs to seek outside expert assistance." *Id.* at 362. Accordingly, because the ALJ was not obligated to obtain a medical expert to assist in his RFC determination, I find no error in that regard.

Plaintiff further argues that the ALJ's RFC determination was not supported by substantial evidence. ECF No. 14, 2 & 9. Specifically, Plaintiff claims that the ALJ's reasoning is not sound and contradictory because the ALJ relies in part on Plaintiff's ability to sustain full-time employment in the years preceding her alleged disability while also acknowledging that Plaintiff's condition was exacerbated by her cancer. *Id.* at 9-10. Plaintiff also alleges the ALJ impermissibly relied on the fact that Plaintiff did not seek mental health treatment until May 2013. *Id.*

My standard of review is not whether there is evidence to establish Plaintiff's position but, rather, whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). By filing her application on February 13, 2013 and alleging disability beginning September 30, 2012, Plaintiff could meet the Act's durational requirement only if she presented evidence demonstrating that she would remain totally disabled through September 29, 2013. 20 C.F.R. § 404.1509; *see* ECF No. 6-2, 19. Here, the ALJ concluded that

"there is no objective medical evidence from which he could reliably project a future, ongoing disability." ECF No. 6-2, 19.

The ALJ explained that he did "not find that evidence developed subsequent to [the] March 2013 assessment indicates the claimant's debilitating psychological symptoms to be somewhat more significant than [was] indicated by the State Agency [Dilip S. Kar, M.D.]." ECF No. 6-2, 17. At the time of Plaintiff's hearing, Plaintiff presented the psychological evaluation of Melissa Albert, M.D. conducted in May 2013, indicating posttraumatic stress disorder, chronic; major depression, recurrent and severe with psychosis; and a Global Assessment of Functioning (GAF) of 50. ECF No. 6-2, 19 (citing Exhibit 12F – Dr. Albert's evaluation, ECF No. 6-10, 72-76). A few months earlier, Dr. Kar stated nothing about psychological impairments in his evaluation but cited to Plaintiff's February 2, 2013 treatment records by Fredric Price, M.D. from West Penn OBGYN wherein Dr. Price observed: "The patient has a great deal of anxiety about her [cancer] diagnosis and has a limited understanding based on an uninformed internet search. She thinks that her prognosis is much worse than it is." ECF No. 6-3, 6 (Dr. Kar); ECF No. 6-8, 37 (Dr. Price). I note that anxiety, regardless of its validity, may be a disabling mental impairment where the anxiety is so severe that it markedly interferes with one's ability to function socially and engage in normal daily activities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.06. However, that is not how the ALJ viewed the evidence here. The ALJ found that Plaintiff had "somewhat overstated the debilitating severity of her impairment-related symptoms and limitations in order to facilitate her contingent disability claim." ECF No. 6-2, 20. The ALJ explained that because (i) Plaintiff continued to be self-reliant (Exhibit 10F, ECF No. 6-10), (ii) there was no "convincing, objective medical evidence of intractable, totally disabling physical condition(s) or mental illness(es) that have proved to be nonresponsive to

treatment [because Plaintiff had not participated in any ongoing mental health treatment subsequent to her May 24, 2013 psychological evaluation]," and (iii) Dr. Albert's findings about Plaintiff's psychological impairment-related limitations "appear[ed] to be largely predicated upon [her] subjective presentation and complaints, offered within a context that involved related and contingent secondary gain," the ALJ did not believe that there were reliable bases "upon which to reliably project a future, ongoing disability that would continue for at least 7.5 more months." ECF No. 6-2, 17-20.

Although I am sympathetic to Plaintiff's situation, I find the ALJ's opinion to be carefully reasoned and supported by substantial evidence. *See* ECF No. 6-10, 30, 34, 38 (office treatment notes of Carla R. Franks, CRNP, Carmichaels Clinic); ECF No. 6-10, 72-76 (Dr. Albert's psychiatric evaluation). Although Plaintiff asserts that the ALJ erred is assessing Plaintiff's credibility by holding the fact that Ms. Goodson did not seek treatment until May 2013 against her, I find that Plaintiff misunderstands the ALJ's point. ECF No. 11, 10 & n.5. The ALJ's conclusion was not that Plaintiff was not disabled because she did not seek mental health treatment. Rather, the ALJ found that Plaintiff could not demonstrate ongoing, future disability and meet the Act's durational requirement in part because she had recently initiated psychiatric treatment. ECF No. 6-2, 20. Moreover, as the fact finder, the ALJ must weigh all of the evidence of record and may accept or reject evidence with explanation, including a claimant's subjective complaints, as long as the ALJ assesses them "in the context of the objective medical evidence of record and other factors, including the claimant's treatment history, medications, work history, and daily activities." *Small v. Colvin*, Civ. No. 3:13-cv-839, 2014 WL 4918388 (M.D. Pa. Sept. 30, 2014) (citing C.F.R. § 404.1529(c) and S.S.R. 96-7p); *Hartranft v. Apfel*, 181 F.3d 358, 361 (3d Cir. 1999). I find the ALJ has done that here. Because

Plaintiff had to establish disability prospectively, "absent convincing objective medical evidence," the ALJ stated that he viewed Plaintiff's subjective complaints "with a heightened degree of scrutiny." ECF No. 6-2, 19. I find no error with the ALJ's evaluation in this regard. Further, I disagree with Plaintiff's assertion that the ALJ failed to meaningfully discuss Dr. Albert's report. ECF No. 11, 11; *see* ECF No. 6-2, 17 & 19. Lastly, I find that the ALJ cited Plaintiff's ability to engage in substantial gainful activity despite coexisting debilitating psychological symptoms prior to her cancer diagnosis in order to underscore the fact that the debilitating effects of Plaintiff's mental illnesses are not longstanding and that, with ongoing treatment, Plaintiff's level of functionality will continue to improve. *See* ECF No. 6-2, 19. Consequently, because substantial evidence supports the ALJ's findings, I find no error in the ALJ's decision to develop an RFC according to the limitations identified by Dr. Kar. *See* ECF No. 6-3, 2-9.

### III. Conclusion

After careful consideration of the record and the submissions by both parties, for all of the foregoing reasons, I find that the ALJ's decision is supported by substantial evidence and is not otherwise erroneous. Therefore, I deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORIE A. GOODSON,            )<br>                              )<br>    Plaintiff,              )<br>                              )<br>    v.                        )<br>                              )<br>CAROLYN W. COLVIN,            )<br>Commissioner of              )<br>Social Security              )<br>                              )<br>    Defendant.                ) | Civil Action No. 13-01719 |

AMBROSE, U.S. Senior District Judge

## **ORDER**

Therefore, this 16th day of October, 2014, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is Ordered that Plaintiff's Motion for Summary Judgment (ECF No. [9]) is denied and Plaintiff's Motion for Summary Judgment (ECF No. [12]) is granted.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Court Judge